UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE GILBERG, on behalf of herself and others similarly situated,<br><br>　　　　　*Plaintiffs*,<br><br>　　vs.<br><br>CALIFORNIA CHECK CASHING STORES, INC., a California corporation; CHECKSMART FINANCIAL, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　*Defendants*. | Case No. 2:15-cv-02309-JAM-AC<br><br>Assigned For All Purposes to the Honorable John A. Mendez, Courtroom 6<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:<br>Time:<br>Place:　Courtroom 6<br><br>Action Filed:　July 20, 2015 |

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

117808381.1 0043773-00044

**ORDER**

On July 20, 2015, Plaintiff DESIREE GILBERG ("Plaintiff") filed a class action against Defendants CALIFORNIA CHECK CASHING STORES, LLC (erroneously sued as CALIFORNIA CHECK CASHING STORES, INC.) and CHECKSMART FINANCIAL, LLC ("Defendants") in the Superior Court of California, County of Los Angeles, entitled, *Gilberg v. California Check Cashing Stores, Inc., et al.*, Case No. BC588602 (the "Action").  On September 2, 2015, Defendants removed the Action to the United States District Court for the Central District of California.  On November 6, 2015, the district court granted Defendants' motion and transferred the Action to the Eastern District of California.  On January 18, 2023, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement, including a declaration of Plaintiff's Counsel and the executed Stipulation of Class Action Settlement ("Stipulation" or "Settlement") with exhibits.

NOW THEREFORE, having read and considered the Stipulation and Exhibits thereto,

**IT IS HEREBY ORDERED:**

1. This Order hereby incorporates by reference the definitions of the Stipulation as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Stipulation.  The Court hereby adopts the Stipulation, as set forth below.

2. The Court conditionally certifies and approves, for settlement purposes only, "Settlement Class," which is defined as follows: job applicants of Defendants, and their parent companies, subsidiaries, affiliates, divisions, predecessors, successors or assigns (together, "CheckSmart Employers"), who applied for a job with CheckSmart Employers between July 20, 2010 and December 31, 2016 (the "Class Period"), and for whom Defendants obtained a credit or criminal background report (a "Consumer Report") in connection with an application for employment (the "Class Members").

3. Shaun Setareh, William M. Pao, and Nolan Dilts of the Setareh Law Group ("Class Counsel") shall represent the Settlement Class for purposes of the Settlement in this Action.  Any Settlement Class Member may enter an appearance in the Action, at their own expense, either individually or through counsel of their own choice.  However, if they do not enter an appearance, they will be represented by Class Counsel.

1

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

117808381.1 0043773-00044

4.      The Class Representative shall be Plaintiff Desiree Gilberg.

5.      The Court hereby preliminarily approves the proposed Settlement upon the terms, conditions, and all release language set forth in the Joint Stipulation of Class Action Settlement attached to the Declaration of Shaun Setareh In Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class as **Exhibit 1.** The Court finds that the Settlement appears to be within the range of reasonableness necessary for preliminary approval by the Court.  It appears to the Court that the Settlement terms are fair, adequate, and reasonable as to all potential class members when balanced against the probable outcome of further litigation, given the risks relating to liability and damages.  It further appears that extensive and costly investigation and research has been conducted such that counsel for the parties at this time are reasonably able to evaluate their respective positions.  It further appears to the Court that the Settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Action.  It appears that the Settlement has been reached as a result of intensive, arms-length negotiations utilizing an experienced third-party neutral.

6.      The Court confirms Simpluris, Inc. ("Simpluris") as the Settlement Administrator and preliminarily approves that Settlement Administration Costs shall be paid from the Gross Settlement Amount (as that term is defined in the Settlement).  The cost of administration includes all tasks required of the Settlement Administrator by this Agreement, including the issuance of the Notice of Class Action Settlement and other documents as explained in the Stipulation of Class Action Settlement.  Simpluris is directed to perform all other responsibilities set forth for the Settlement Administrator as set forth in the Stipulation.

7.      A Final Approval Hearing (the "Hearing") shall be held on August 22, 2023, at 1:30 p.m., before the Honorable John A. Mendez in Courtroom 6 of the United States District Court for the Eastern District of California.  The purpose of such Hearing will be to: (a) determine whether the proposed Stipulation should be approved by the Court as fair, reasonable, and adequate; (b) determine the reasonableness of Class Counsel's request for attorneys' fees and costs; (c) determine the reasonableness of the Class Representative Service Award requested for Plaintiff; and (d) Order entry

2

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

117808381.1 0043773-00044

of Judgment in the Action, which shall constitute a complete release and bar with respect to the Released Claims described in Paragraph 13, below.

8. The Court hereby approves, as to form and content, the Postcard Notice that the Settlement Administrator shall mail by First-Class Mail, attached as **Exhibit 1 to the Joint Stipulation of Class Action Settlement** that shall direct Settlement Class Members to the Notice of Class Action Settlement ("Class Notice"). The Settlement Administrator shall post the Class Notice, attached as **Exhibit 2 to the Joint Stipulation of Class Action Settlement,** on a settlement website to be established by the Settlement Administrator. The settlement website shall also post the Opt-Out Form, **attached as Exhibit 3 to the Joint Stipulation of Class Action Settlement**, and the Objection Form, **attached as Exhibit 4 to the Joint Stipulation of Class Action Settlement**. The Court finds that the mailing, and distribution of the Class Notice in the manner set forth in Paragraph 9 of this Order meets the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court directs the mailing of the Court approved Postcard Notice via First-Class Mail to Settlement Class Members in accordance with the schedule and procedures set forth in the Stipulation. The Court finds that the dates and procedure selected for the mailing of the Postcard Notice directing Settlement Class Members to the Class Notice posted on a website maintained by the Settlement Administrator meets the requirements of due process, provides the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice.

  A. Defendants will provide to the Settlement Administrator the Class Information, within twenty (20) calendar days after the entry of this Order; and

  B. Within twenty (20) days after receiving the Class Information from Defendants, the Settlement Administrator shall send copies of the Postcard Notice to all Settlement Class Members via First-Class Mail. The Settlement Administrator's duties will include: establishing a URL to a website, maintained by the Settlement Administrator, that has links to the long-form Class Notice, the postcard notice, the Opt-Out Form, the Objection Form, the motions for preliminary and final settlement approval, the motion for attorneys' fees and costs, and other information and documents filed in Court

related to the Settlement; printing, mailing, and re-mailing (if necessary) of Notice Packets to Settlement Class Members; hosting a static "IVR" toll-free line to provide Settlement Class Members answers to frequently asked questions as approved by counsel for all parties; establishing a post office box for the return of Settlement Class Member communications; processing requests for exclusion and Notices of Objection; providing weekly status reports to Defense Counsel and Class Counsel; providing a due diligence declaration for submission to the Court prior to Plaintiff filing a motion for final approval; computing the amount of and distributing Individual Settlement Awards, the Class Representative Service Award, and the Class Counsel Award; mailing Individual Settlement Awards to Participating Settlement Class Members; paying the Class Representative Service Award and Class Counsel Award; establishing a Qualified Settlement Fund, as defined by the Internal Revenue Code; sending Participating Settlement Class Members a reminder postcard before the deadline to cash settlement checks; preparing and submitting to Settlement Class Members and government entities all appropriate tax filings and forms; issuing all required tax forms (*e.g.,* 1099s) and providing all required tax reporting; providing a due diligence declaration for submission to the Court upon the completion of the Settlement; providing the parties with an accounting of all checks issued and cashed; transmitting any uncashed funds as *cy pres* to the Legal Aid at Work ; and for such other tasks as the parties mutually agree.  The Settlement Administrator shall keep the parties timely apprised of the performance of all Settlement Administrator responsibilities.  Any legally mandated tax reports, tax forms, tax filings, or other tax documents required by administration of this Settlement Agreement shall be prepared by the Settlement Administrator.  Any expenses incurred in connection with such preparation shall be a Settlement Administration Cost.

10. Settlement Class Members may request exclusion from the Settlement by submitting a timely written request to be excluded from the Settlement Class as set forth in the Stipulation, and/or may fill out the Opt-Out Form and submit it to the Settlement Administrator by the Response Deadline.

4

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

117808381.1 0043773-00044

In order to be valid, the request for exclusion and/or the Opt-Out Form must: (1) contain the full name, address, telephone number, the last four digits of the Social Security number of the person requesting exclusion, and a statement that they request exclusion from the class and do not wish to participate in the Settlement; (2) be signed personally by the individual that seeks exclusion from the Settlement Class; and (3) be postmarked by the Response Deadline and returned by mail to the Settlement Administrator at the specified address as directed by the Class Notice.  Any Settlement Class Member who timely requests exclusion will not be entitled to submit objections to the Settlement, will not be entitled to any recovery under the Settlement, and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  All Settlement Class Members who do not submit valid and timely requests for exclusion on or before the Response Deadline shall be Participating Settlement Class Members and shall be bound by all terms of the Settlement and Final Judgment.

11. Settlement Class Members who do not request exclusion may object to the Settlement and/or appear at the Final Approval Hearing to show cause why the proposed Stipulation should not be approved, why Judgment in the Action should not be entered, and to present any opposition to the application of Class Counsel for attorneys' fees, costs and expenses.  In order to object to the proposed Settlement, the Settlement Class Members may submit a timely written objection and/or the Objection Form and should: (1) clearly identify the case name and number (*Gilberg v. California Check Cashing Stores, LLC, et al.,* Case Number 2:15-cv-02309-JAM-AC); (2) be mailed to Simpluris on or before 60 calendar days from mailing of the Postcard Notice.

12. The Court hereby preliminarily approves the definition and disposition of the Gross Settlement Amount as that term is defined in the Settlement.  The Gross Settlement Amount is equal to One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00) which is inclusive of the payment of attorneys' fees to Class Counsel not to exceed Five Hundred  Thousand Dollars and No Cents ($500,000.00); Class Counsel's costs not to exceed Twenty Thousand Dollars ($20,000.00); the Settlement Administration Costs not to exceed Fifty Thousand Dollars ($50,000.00); the Net Settlement Amount to be distributed to Settlement Class Members who do not exclude themselves from the Settlement; and the Class Representative Service Award to Plaintiff in an amount not to exceed Twenty Thousand Dollars and No Cents ($20,000.00).  The Court preliminarily approves the

above distribution of the Gross Settlement Amount, all subject to the Court's Final Approval of the Settlement.

13. Upon entry of Judgment by the Court, in accordance with the terms of the Stipulation, all Settlement Class Members who do not exclude themselves from the Settlement shall fully and finally release and discharge the Released Parties as described below:

Release of Claims: Upon entry of Final Order and Judgment, Plaintiff and all other Participating Settlement Class Members shall be deemed to have released claims that were pleaded or could have been pleaded based on the complaint and covers the Class Period, including, without limitation, any claims, actions, cause of actions, demands, damages, losses or remedies, whether based upon federal, state, or local statutes or federal, state, or local common law, relating to, based upon, resulting from, or arising out of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. §§ 1681b(b)(2)(A), (d)(a)(1), or 1681g(c), Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 et seq.), Consumer Credit Reporting Agencies Act (California Civil Code §§ 1785 et seq.), or any other federal, state or local law governing the procurement or use of background/credit checks, including laws regarding background check disclosures and authorizations, other penalties, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.

With respect to the Released Claims only, Plaintiff and each Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code with respect to the Released Claims, including any and all claims under the Fair Credit Reporting Act and any similar state or local claims, including those regarding an allegedly inadequate or otherwise improper disclosure about the procurement or use of consumer reports for employment purposes. Section 1542 of the California Civil Code provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

15. All papers in support of the Settlement and any application for reimbursement of attorneys' fees and expenses, including any expenses associated with or incurred to the Settlement Administrator, shall be filed by July 11, 2023.

16. The Court reserves the right to adjourn the date of the Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Stipulation.

17. All further proceedings in this Action shall be stayed except such proceedings necessary to review, approve, and implement this Settlement.

18. In the event: (i) the Court does not finally approve the Settlement as contemplated by the Settlement; (ii) the Court does not enter a Final Approval Order as contemplated by the Settlement, which becomes final as a result of the occurrence of the Effective Date (as that term is defined by in the Settlement); (iii) Defendants elect to void the Settlement as provided under the terms of the Settlement; or (iv) the Settlement does not become final for any other reason, the Settlement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be deemed as void from the beginning. In such a case, the parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and the parties shall proceed in all respects as if the Settlement had not been executed. Except that in the event Defendants exercise their right to void the settlement agreement as provided above, any fees due and owing to the Settlement Administrator shall be paid by Defendants.

19. Neither the Settlement, preliminarily approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Settlement, shall be admissible in evidence for any purpose except as provided in the Settlement.

**IT IS SO ORDERED.**

Dated: February 28, 2023

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE