UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE GILBERG, on behalf of herself and others similarly situated,<br><br>　　　　　*Plaintiffs*,<br>　　vs.<br><br>CALIFORNIA CHECK CASHING STORES, INC., a California corporation; CHECKSMART FINANCIAL, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　*Defendants*. | Case No. 2:15-cv-02309-JAM-AC<br><br>Assigned For All Purposes to the Honorable John A. Mendez, Courtroom 6<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:　August 29, 2023<br>Time:　1:30 p.m.<br>Place:　Courtroom 6, 14th Floor<br><br>Action Filed:　July 20, 2015 |

BEFORE THE COURT is the Motion for Final Approval of Class Settlement submitted by Plaintiff Desiree Gilberg ("Plaintiff" or "Class Representative"), individually, and on behalf of all Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Final Approval Hearing was held on August 29, 2023. The Court, having considered the Motion, the submissions of the Parties relating to the proposed settlement, any objections, the arguments of counsel at the Final Approval Hearing, as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted.

It is therefore ORDERED that the Motion for Final Approval of the Settlement is **GRANTED**. Accordingly, it is further ORDERED, ADJUDGED and DECREED as follows, and the Court makes the findings set forth below:

1. <u>Settlement Agreement</u>. The "Stipulation for Class Action Settlement" ("Agreement") that was submitted with the Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class ("Motion for Preliminary Approval of Class Settlement"); the Exhibits to the Agreement; and the definitions of words and terms contained in the Agreement are incorporated in this Judgment and Order.

2. <u>Preliminary Approval Order</u>. On February 28, 2023, the Honorable Court entered an Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class ("Preliminary Approval Order"). The Agreement was preliminarily approved pending the Final Approval Hearing. The Court also (a) conditionally certified the Settlement Class for settlement purposes; (b) approved the form of and method of distribution of the Class Notice to the Settlement Class; (c) appointed Desiree Gilberg as Class Representative for the Settlement Class; (d) appointed Shaun Setareh, William M. Pao, and Nolan Dilts of the Setareh Law Group as Class Counsel for the Settlement Class; and (e) appointed Simpluris, Inc. as the Settlement Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

3. <u>Final Class Certification for Settlement Purposes</u>. The Court finally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class."

"Settlement Class" means: job applicants of Defendants, and their parent companies, subsidiaries, affiliates, divisions, predecessors, successors or assigns (together, "CheckSmart Employers"), who applied for a job with CheckSmart Employers between July 20, 2010 and December 31, 2016 (the "Class Period"), and for whom Defendants obtained a credit or criminal background report (a "Consumer Report") in connection with an application for employment (the "Class Members").

4. <u>Prerequisites for Class Action</u>.  Solely for the purposes of settlement, the Court finds that the prerequisites for a class action are satisfied for the following reasons:

(a) The Settlement Class appears so numerous that joinder of all members is impracticable. The Settlement Class consists of more than 12,893 members;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c) The Class Representative's claims for the alleged violations of the disclosure provisions of the Fair Credit Reporting Act appear to be typical of the claims of the Settlement Class; and

(d) The Class Representative and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

5. <u>Notice of Class Action Settlement to the Settlement Class</u>.  Pursuant to the Preliminary Approval Order and the Agreement, the Postcard Notice was mailed to members of the Settlement Class directing the Settlement Class to a Settlement Website maintained by Simpluris.  The Court finds that the form, content, and method for notifying the Settlement Class complies with the Preliminary Approval Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all due process requirements; constituted notice that was reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the terms of the settlement and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing; is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice.  The Court further

finds that the Settlement Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Class Notice to the Settlement Class.

6. <u>Exclusions</u>.  Settlement Class Members were notified in the Class Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt out of, the Settlement Class.  Zero (0) individuals submitted timely written exclusion/opt-out statements to the Settlement Administrator.

7. <u>Objections to Settlement</u>.  Settlement Class Members were also notified in the Class Notice of their opportunity to object to the settlement by filing written objections with the Court.  Zero (0) Settlement Class Members objected.

8. <u>Final Approval of Settlement and Agreement</u>.  The Court finally approves the proposed settlement and the Agreement submitted with the Plaintiff's Motion for Preliminary Approval of Class Settlement.  The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the Settlement Class.  Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the settlement and Agreement.  The Court further finds that the settlement set forth in the Agreement resulted from arm's length negotiations.  The Parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

9. <u>Payment to Settlement Class</u>.  In accordance with the Agreement, the Settlement Administrator shall cause payment to be issued to Settlement Class Members who did not submit timely and valid requests for exclusion pursuant to the terms for calculating Individual Settlement Awards as set forth in the Agreement.  The Individual Settlement Awards shall be mailed by the Settlement Administrator by regular First-Class Mail to each Participating Settlement Class Member's last known mailing address within fourteen (14) calendar days after Defendants provide the Settlement Administrator with the Gross Settlement Amount.

10. <u>Class Representative Service Award to Plaintiff</u>.  Plaintiff has applied for a service payment as Class Representative in the amount of **$20,000.00** (the "Class Representative Service Award").  Plaintiff's request for the Class Representative Service Award in the amount of **$20,000.00** is

granted. In accordance with the Agreement, the Settlement Administrator shall make this Class Representative Service Award payment to Plaintiff, in accordance with the Agreement.

11. <u>Attorneys' Fees to Class Counsel</u>. Class Counsel has applied for an award of attorneys' fees of $500,000.00 and costs incurred in this Action not to exceed the amount of $20,000.00. The Court awards **$375,000.00** to Class Counsel for attorneys' fees and **$14,306.50** for costs incurred in this Action. In accordance with the terms of the Agreement, the Settlement Administrator shall make this payment to Class Counsel.

12. <u>Settlement Administration</u>. The Settlement Administrator, Simpluris, Inc., shall be awarded its fees of **$54,773.03** to administer the settlement and to carry out all of its duties and obligations under the Settlement.

13. Any funds remaining resulting from uncashed settlement checks shall be distributed as *cy pres* to the **Legal Aid at Work**.

14. <u>Release of Claims</u>. Upon entry of Final Order and Judgment, Plaintiff and all other Participating Settlement Class Members shall be deemed to have released claims that were pleaded or could have been pleaded based on the complaint and covers the Class Period, including, without limitation, any claims, actions, cause of actions, demands, damages, losses or remedies, whether based upon federal, state, or local statutes or federal, state, or local common law, relating to, based upon, resulting from, or arising out of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. §§ 1681b(b)(2)(A), (d)(a)(1), or 1681g(c), Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 et seq.), Consumer Credit Reporting Agencies Act (California Civil Code §§ 1785 et seq.), or any other federal, state or local law governing the procurement or use of background/credit checks, including laws regarding background check disclosures and authorizations, other penalties, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.

With respect to the Released Claims only, Plaintiff and each Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code with respect to the Released Claims, including any and all claims under the Fair Credit Reporting Act and any similar

state or local claims, including those regarding an allegedly inadequate or otherwise improper disclosure about the procurement or use of consumer reports for employment purposes. Section 1542 of the California Civil Code provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

15. <u>Binding Effect of Agreement, Order, and Judgment</u>. The Agreement and this Judgment and Final Approval Order are binding on Plaintiff and on all Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendants and the other Released Parties, as well as to their respective heirs, administrators, representatives, trustees, successors, and assigns.

16. <u>Jurisdiction</u>. Without affecting the finality of the Final Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

17. Judgment is hereby entered whereby Plaintiff and all Settlement Class Members shall take nothing from Defendants except as expressly set forth in the Agreement or this Judgment and Final Approval Order.

18. A Compliance Hearing is set for **February 29, 2024,** at **10:00 a.m.** in Courtroom 6 of this Court. Class Counsel shall submit a status report no later than **February 15, 2024**.

**JUDGMENT SHALL BE AND HEREBY IS ENTERED.**

Dated:  August 31, 2023

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE